UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

DONGXING ZHENG,
WANGCHAO HE, a/k/a "Ah Chao,"
JIANGNAN LIN, a/k/a "Xiao Pang,"
   a/k/a "Little Fatty,"
DONG LIU, a/k/a "Ah Dong," and
SUI ZHANG, a/k/a "60,"

                              Defendants.

**SEALED INDICTMENT**

23 Cr. 612 (   )

---

## COUNT ONE
### (Kidnapping Resulting in Death)

The Grand Jury charges:

1.      From at least on or about July 18, 2023, through at least on or about July 20, 2023, in the Southern District of New York and elsewhere, DONGXING ZHENG, WANGCHAO HE, a/k/a "Ah Chao," JIANGNAN LIN, a/k/a "Xiao Pang," a/k/a "Little Fatty," DONG LIU, a/k/a "Ah Dong," and SUI ZHANG, a/k/a "60," the defendants, and others known and unknown, knowingly and unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, and carried away and held for ransom and reward and otherwise Peng Cheng Li (the "Victim"), and the Victim was willfully transported in interstate and foreign commerce, and ZHENG, HE, LIN, LIU, and ZHANG, the defendants, traveled in interstate and foreign commerce and used the mail and a means, facility, and instrumentality of interstate and foreign commerce in committing and in furtherance of committing the offense, and aided and abetted the same, resulting in death, to wit, ZHENG, HE, LIN, LIU, and ZHANG, and others known and unknown, used an Internet-based cellphone application to lure the Victim to a location in Queens, New York, where ZHENG, HE,

LIN, LIU, and ZHANG, and others known and unknown, held the Victim for the promise of payment, among other reasons, and beat the Victim to death, after which ZHENG and others known and unknown transported the Victim's body through the Southern District of New York to New Hampshire.

(Title 18, United States Code, Sections 1201(a)(1), and 2.)

## COUNT TWO
### (Conspiracy to Commit Kidnapping Resulting in Death)

The Grand Jury further charges:

2.     From at least on or about July 18, 2023, through at least on or about July 20, 2023, in the Southern District of New York and elsewhere, DONGXING ZHENG, WANGCHAO HE, a/k/a "Ah Chao," JIANGNAN LIN, a/k/a "Xiao Pang," a/k/a "Little Fatty," DONG LIU, a/k/a "Ah Dong," and SUI ZHANG, a/k/a "60," the defendants, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to kidnap the Victim, in violation of Title 18, United States Code, Section 1201(a)(1).

3.     It was a part and an object of the conspiracy that DONGXING ZHENG, WANGCHAO HE, a/k/a "Ah Chao," JIANGNAN LIN, a/k/a "Xiao Pang," a/k/a "Little Fatty," DONG LIU, a/k/a "Ah Dong," and SUI ZHANG, a/k/a "60," the defendants, and others known and unknown, would and did knowingly and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away, and hold for ransom and reward and otherwise the Victim, and the Victim would be and was willfully transported in interstate and foreign commerce, and ZHENG, HE, LIN, LIU, and ZHANG, the defendants, would and did travel in interstate and foreign commerce and use the mail and a means, facility, and instrumentality of interstate and foreign commerce in committing and in furtherance of committing the offense, in violation of Title 18, United States Code, Section 1201(a)(1), resulting in death, to wit, ZHENG, HE, LIN, LIU, and ZHANG, and

2

others known and unknown, conspired to kidnap the Victim by using an Internet-based cellphone application to lure the Victim to a location in Queens, New York, where ZHENG, HE, LIN, LIU, and ZHANG, and others known and unknown, did hold the Victim for the promise of payment, among other reasons, and beat the Victim to death, after which ZHENG and others known and unknown transported the Victim's body through the Southern District of New York to New Hampshire.

Overt Acts

4.       In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a.       On or about July 19, 2023, one or more of DONGXING ZHENG, WANGCHAO HE, a/k/a "Ah Chao," JIANGNAN LIN, a/k/a "Xiao Pang," a/k/a "Little Fatty," DONG LIU, a/k/a "Ah Dong," and SUI ZHANG, a/k/a "60," the defendants, and others known and unknown, used an Internet-based telephone application to call a restaurant to lure the Victim, an employee of the restaurant, to a location where the Victim could be abducted.

b.       On or about July 19, 2023, DONGXING ZHENG, WANGCHAO HE, a/k/a "Ah Chao," JIANGNAN LIN, a/k/a "Xiao Pang," a/k/a "Little Fatty," DONG LIU, a/k/a "Ah Dong," and SUI ZHANG, a/k/a "60," the defendants, and others known and unknown, participated in the assault and abduction of the Victim.

c.       On or about July 19, 2023, DONGXING ZHENG, the defendant, and others known and unknown, drove the Victim over the Verrazano-Narrows Bridge and through Manhattan, Westchester County, and other locations, to New Hampshire.

d.      On or about July 19, 2023, DONGXING ZHENG, the defendant, and others known and unknown, buried the Victim's body in a forest in New Hampshire.

(Title 18, United States Code, Section 1201(c).)

**COUNT THREE**
**(Conspiracy to Distribute Ketamine)**

The Grand Jury further charges:

5.      From at least in or about July 2023 through the present, in the Southern District of New York and elsewhere, DONGXING ZHENG, WANGCHAO HE, a/k/a "Ah Chao," JIANGNAN LIN, a/k/a "Xiao Pang," a/k/a "Little Fatty," DONG LIU, a/k/a "Ah Dong," and SUI ZHANG, a/k/a "60," the defendants, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the controlled-substance laws of the United States.

6.      It was a part and an object of the conspiracy that DONGXING ZHENG, WANGCHAO HE, a/k/a "Ah Chao," JIANGNAN LIN, a/k/a "Xiao Pang," a/k/a "Little Fatty," DONG LIU, a/k/a "Ah Dong," and SUI ZHANG, a/k/a "60," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

7.      The controlled substance involved in the offense was a controlled substance in Schedule III, to wit, ketamine, in violation of Title 21, United States Code, Section 841(b)(1)(E)(i).

(Title 21, United States Code, Sections 846, 841(b)(1)(E)(i).)

**SPECIAL FINDINGS REGARDING THE MURDER OF PENG CHENG LI**

8.      Count One of this Indictment is realleged and incorporated by reference as though fully set forth herein. As to Count One, alleging the murder of Peng Cheng Li, the defendant DONGXING ZHENG:

a.    DONGXING ZHENG was eighteen years of age or older at the time of the offense;

b.    DONGXING ZHENG intentionally inflicted serious bodily injury that resulted in the death of the Victim (Title 18, United States Code, Section 3591(a)(2)(B));

c.    DONGXING ZHENG intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the Victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

d.    DONGXING ZHENG intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted reckless disregard for human life and the Victim died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

e.    DONGXING ZHENG committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the Victim (Title 18, United States Code, Section 3592(c)(6)); and

f.    The death, or injury resulting in death, occurred during the commission of, or during the immediate flight from the commission of, an offense under Title 18, United States Code, Section 1201 (Title 18, United States Code, Section 3592(c)(1)).

9.    Count One of this Indictment is realleged and incorporated by reference as though fully set forth herein. As to Count One, alleging the murder of Peng Cheng Li, the defendant WANGCHAO HE, a/k/a "Ah Chao":

        a.      WANGCHAO HE, a/k/a "Ah Chao," was eighteen years of age or older at the time of the offense;

        b.      WANGCHAO HE, a/k/a "Ah Chao," intentionally inflicted serious bodily injury that resulted in the death of the Victim (Title 18, United States Code, Section 3591(a)(2)(B));

        c.      WANGCHAO HE, a/k/a "Ah Chao," intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the Victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

        d.      WANGCHAO HE, a/k/a "Ah Chao," intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted reckless disregard for human life and the Victim died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

        e.      WANGCHAO HE, a/k/a "Ah Chao," committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the Victim (Title 18, United States Code, Section 3592(c)(6)); and

        f.      The death, or injury resulting in death, occurred during the commission of, or during the immediate flight from the commission of, an offense under Title 18, United States Code, Section 1201 (Title 18, United States Code, Section 3592(c)(1)).

        10.      Count One of this Indictment is realleged and incorporated by reference as though fully set forth herein. As to Count One, alleging the murder of Peng Cheng Li, the defendant JIANGNAN LIN, a/k/a "Xiao Pang," a/k/a "Little Fatty":

      a.     JIANGNAN LIN, a/k/a "Xiao Pang," a/k/a "Little Fatty," was eighteen years of age or older at the time of the offense;

      b.     JIANGNAN LIN, a/k/a "Xiao Pang," a/k/a "Little Fatty," intentionally inflicted serious bodily injury that resulted in the death of the Victim (Title 18, United States Code, Section 3591(a)(2)(B));

      c.     JIANGNAN LIN, a/k/a "Xiao Pang," a/k/a "Little Fatty," intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the Victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

      d.     JIANGNAN LIN, a/k/a "Xiao Pang," a/k/a "Little Fatty," intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted reckless disregard for human life and the Victim died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

      e.     JIANGNAN LIN, a/k/a "Xiao Pang," a/k/a "Little Fatty," committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the Victim (Title 18, United States Code, Section 3592(c)(6)); and

      f.     The death, or injury resulting in death, occurred during the commission of, or during the immediate flight from the commission of, an offense under Title 18, United States Code, Section 1201 (Title 18, United States Code, Section 3592(c)(1)).

11.     Count One of this Indictment is realleged and incorporated by reference as though fully set forth herein. As to Count One, alleging the murder of Peng Cheng Li, the defendant DONG LIU, a/k/a "Ah Dong":

a.      DONG LIU, a/k/a "Ah Dong," was eighteen years of age or older at the time of the offense;

b.      DONG LIU, a/k/a "Ah Dong," intentionally inflicted serious bodily injury that resulted in the death of the Victim (Title 18, United States Code, Section 3591(a)(2)(B));

c.      DONG LIU, a/k/a "Ah Dong," intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the Victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

d.      DONG LIU, a/k/a "Ah Dong," intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted reckless disregard for human life and the Victim died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

e.      DONG LIU, a/k/a "Ah Dong," committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the Victim (Title 18, United States Code, Section 3592(c)(6)); and

f.      The death, or injury resulting in death, occurred during the commission of, or during the immediate flight from the commission of, an offense under Title 18, United States Code, Section 1201 (Title 18, United States Code, Section 3592(c)(1)).

12.     Count One of this Indictment is realleged and incorporated by reference as though fully set forth herein. As to Count One, alleging the murder of Peng Cheng Li, the defendant SUI ZHANG, a/k/a "60":

a.     SUI ZHANG, a/k/a "60," was eighteen years of age or older at the time of the offense;

b.     SUI ZHANG, a/k/a "60," intentionally inflicted serious bodily injury that resulted in the death of the Victim (Title 18, United States Code, Section 3591(a)(2)(B));

c.     SUI ZHANG, a/k/a "60," intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the Victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

d.     SUI ZHANG, a/k/a "60," intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted reckless disregard for human life and the Victim died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

e.     SUI ZHANG, a/k/a "60," committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the Victim (Title 18, United States Code, Section 3592(c)(6)); and

f.     The death, or injury resulting in death, occurred during the commission of, or during the immediate flight from the commission of, an offense under Title 18, United States Code, Section 1201 (Title 18, United States Code, Section 3592(c)(1)).

## FORFEITURE ALLEGATION

13.     As a result of committing the offenses alleged in Counts One and Two of this Indictment, DONGXING ZHENG, WANGCHAO HE, a/k/a "Ah Chao," JIANGNAN LIN, a/k/a "Xiao Pang," a/k/a "Little Fatty," DONG LIU, a/k/a "Ah Dong," and SUI ZHANG, a/k/a "60," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

14.     As a result of committing the offense alleged in Count Three of this Indictment, DONGXING ZHENG, WANGCHAO HE, a/k/a "Ah Chao," JIANGNAN LIN, a/k/a "Xiao Pang," a/k/a "Little Fatty," DONG LIU, a/k/a "Ah Dong," and SUI ZHANG, a/k/a "60," shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

## SUBSTITUTE ASSETS PROVISION

15.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third person;

c.       has been placed beyond the jurisdiction of the Court;

d.       has been substantially diminished in value; or

e.       has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)


FOREPERSON

DAMIAN WILLIAMS
United States Attorney

11