MEMO ENDORSED

see p. 3

# KARLOFF C. COMMISSIONG, ESQ.

ATTORNEY AT LAW
405 LEXINGTON AVENUE
9TH FLOOR
NEW YORK, NY 10174

February 5, 2024

**VIA E.C.F. AND ELECTRONIC MAIL**

Hon. Nelson S. Roman
United States District Court Judge
300 Quarropas Street
White Plains, NY 10601-4150

Re: <u>United States v. Dongxing Zheng</u>, 23 Cr. 612-01 (NSR) – Request for adjournment of sentencing

Dear Judge Roman:

**Introduction**

I write to respectfully request an adjournment of sentencing in this matter, to a date in early or mid-June.[1] This is the defense's first request for an adjournment of sentencing. The government opposes this request, citing the victim's family's desire for closure. While the defense acknowledges and respects the family's concerns, this must be balanced against Mr. Zheng's fundamental right to present a thorough and complete sentencing submission. Accordingly, the Court should grant this adjournment for the following reasons: (1) the defense requires additional time to gather and present mitigating evidence, and (2) the requested adjournment does not constitute an unreasonable delay under 18 U.S.C. §3771(a)(7).

**Background and Request for Adjournment**

On December 12, 2024, Mr. Zheng pled guilty to:

1. Conspiracy to commit Hobbs Act Extortion, in violation of 18 U.S.C. §1951;
2. Conspiracy to commit kidnapping, in violation of 18 U.S.C. §371; and
3. Conspiracy to distribute ketamine, in violation of 21 U.S.C. §841(b)(1)(E)(i).

Sentencing is currently scheduled for March 20, 2025, at 11:00 a.m. However, the defense requires additional time to continue gathering the necessary mitigation materials that will allow us to adequately prepare for sentencing. In an email dated January 29, 2025, the government informed defense counsel that it considers the sentencing date firm and will

---

[1] A date in early or mid-June considers counsel's trial schedule, as both Mr. Bell and I will be involved in a 6-8 week trial starting April 7, 2025, before Judge Oetken.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/6/2025

oppose any motion to adjourn it by more than a week.  The government further conveyed that the victim's family has expressed a desire for sentencing to proceed as scheduled to facilitate their closure.

While the defense is sympathetic to the victim's family's concerns, their desire for closure does not outweigh the defendant's right to have his background and mitigating circumstances fully and fairly considered.  The law explicitly provides that no limitation shall be placed on the information the Court may consider in imposing a just and appropriate sentence.  See 18 U.S.C. §3661.

**Need for Additional Time to Present Mitigation Evidence**

Your Honor appointed a mitigation specialist in this matter to assist in compiling background information not typically included in the Presentence Report (PSR).  However, logistical challenges that include scheduling difficulties with the Mandarin interpreter have limited the mitigation specialist's contact with Mr. Zheng resulting in only minimal information being obtained from him so far.  Additional meetings with Mr. Zheng and his family are necessary to collect vital information regarding his history and background for presentation at sentencing.

Given that Mr. Zheng and his family primarily speak Mandarin, all meetings with the mitigation specialist require an interpreter.  This added layer of complexity contributes to unavoidable delays in scheduling and obtaining necessary records.  An adjournment will ensure that the defense can present the Court with a comprehensive sentencing submission reflecting all relevant factors under 18 U.S.C. §3553(a).

**Unreasonable Delay**

Congress has recognized that victims have the right to proceedings free from "unreasonable delay."  See 18 USC §3771(a)(7).  However, a brief adjournment in this matter would not constitute an unreasonable delay.  Notably, the Court has already rescheduled sentencing for co-defendants Sui Zhang (from February 7, 2025, to May 2, 2025) and Dong Liu (from February 27, 2025, to May 30, 2025).  The government consented to those adjournments, yet it has preemptively opposed a similar request for Mr. Zheng.  Given the government's willingness to extend the sentencing timeline for Mr. Zheng's co-defendants, it is inconsistent and unjustified to deny Mr. Zheng the same opportunity.

Additionally, Mr. Zheng faces a significantly harsher sentencing exposure than his co-defendants, with a statutory maximum of 35 years and a plea agreement requiring a minimum request of 324 months. Given the severity of this sentence, the defense should be afforded adequate time to present all relevant mitigating evidence.

**Precedent Supports the Defense's Request**

Courts have recognized the importance of allowing defendants sufficient time to present mitigation evidence. Judge Jack B. Weinstein, former District Court Judge in the Eastern District of New York underscored the solemnity of sentencing and the necessity of adjournments in certain cases:

> The sentencing of criminal defendants has traditionally involved questions of fairness and justice. Judges charged with this duty approach the task with solemnity, recognizing its centrality to the rule of law and the credibility of the judiciary…In a substantial number of cases an adjournment is necessary so that supporting documents and photographs of family and living conditions can be obtained from abroad. At times adjournments of a year or more are needed so that the defendant can demonstrate rehabilitation.

See In Re Sentencing, 219 F.R.D. 262. See also United States v. K, 160 F. Supp.2d 421, 426 (E.D.N.Y. 2001) ("Adjournment of sentence is permitted to allow the court to determine defendant's postoffense, presentence rehabilitation and to explore and consider a full range of appropriate sentencing alternatives.").

In United States v. Wilfredo Rosado, 21 Cr. 516 (RMB), Judge Berman denied a defendant's fourth request for an adjournment, citing the more than 13 months that had elapsed since the conviction. In contrast, this is the defense's first request, made less than two months after Mr. Zheng's plea.

**Conclusion**

The defense is not requesting an undue delay, but merely an adjournment of approximately 90 days—similar to the requests granted for Mr. Zheng's co-defendants—to allow adequate time to prepare a comprehensive sentencing submission. Given the significance of this proceeding, the complexities involved in obtaining the necessary mitigation evidence, and the government's prior willingness to consent to an adjournment for similarly situated defendants, the defense respectfully requests that the Court grant this request and adjourn sentencing to a date in early or mid-June.

Respectfully Submitted,
*Karloff C. Commissiong*
Karloff C. Commissiong, Esq.

**The Court has reviewed Defense counsel's letter request for an adjournment of the March 7, 2025 Sentencing (ECF No. 108) and the Govt's response letter (ECF No. 109). In light of the Deft's mitigation expert's need for additional time, the Court GRANTS the adjournment of the Sentencing to June 13, 2025 at 11:00 am. Clerk of Court is requested to terminate the motion at ECF No. 108.**
Dated: February 6, 2025
White Plains, NY

SO ORDERED:

_____
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

3